```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

EDWARD J. DEMM,

           Plaintiff,

vs.                           Case No.  2:04-cv-634-FtM-99SPC

CHARLOTTE COUNTY JAIL ADMINISTRATION
& STAFF; OFFICER MARCHESE; PAULA
MASON; LT. MCLURE; CPL. SPICER; CPL.
PRESCOTT, HEALTH ADMINISTRATION
SERVICES, PRISON HEALTH SERVICES,
CAPTAIN ANTHONY PENLAND and DR.
BESS,

           Defendants.
_____

## **OPINION AND ORDER**

This matter comes before the Court upon periodic review of the file. Plaintiff, who is proceeding *pro se*, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. #1) on December 28, 2004, while he was incarcerated at the Charlotte County Jail.[1] Thereafter, on January 26, 2005, Plaintiff filed an Amended Complaint (Doc. #8). As of the date of this Order, service of process has not been effectuated on the following Defendants: Captain Penland, Officer Marchese, Health Administration Services, Nurse Mason, Lieutenant McLure, and Dr. Bess. See Doc. #54.

The several attempts by the U.S. Marshal to effectuate service have been unsuccessful. Docs. #39 and #40, #46 and #47, #48 and

---

[1]According to Plaintiff's address listed on the docket history, Plaintiff no longer remains incarcerated.

#49, #50 and #51. On May 4, 2006, the Court directed Plaintiff to find valid addresses for Defendants Penland and Marchese, but Plaintiff has not complied with this Order. Doc. #41. On June 20, 2006, the Court again directed Plaintiff to find valid addresses for Defendants Health Administration Services, Mason, McLure, and Bess within thirty days from the date on the Order. Doc. #54. Again, Plaintiff did not comply with the Order.

Pursuant to Fed. R. Civ. P. 4(m), a district court may dismiss an action *sua sponte* if service is not effectuated within 120 days after the filing of the complaint. Even though Plaintiff is appearing *pro se,* "'[a] plaintiff may not remain silent and do nothing to effectuate such service. At a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent service defects of which the plaintiff has knowledge.'" <u>Salas v. Tillman</u>, 162 Fed. Appx. 918, 923 (11th Cir. 2006) (unpublished) (quoting <u>Fowler v. Jones</u>, 899 F.2d 1088, 1095)). The Court is also responsible for seeing that its limited resources are allocated in a way that promotes the effective and efficient administration of the judicial system. Consequently, Defendants Penland, Marchese, Mason, McLure, and Bess are dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m).

ACCORDINGLY, it is hereby

**ORDERED:**

1.  Defendants Penland, Marchese, Mason, McLure, and Bess are **DISMISSED** without prejudice pursuant to Fed. R. Civ. P. 4(m).

2.  The **Clerk of Court** shall: (1) correct the caption of the case to reflect the dismissal of Defendants Penland, Marchese, Mason, McLure, and Bess; (2) enter judgment accordingly.

**DONE AND ORDERED** in Fort Myers, Florida, on this __3rd__ day of January, 2007.

_____
JOHN E. STEELE
United States District Judge

SA: alj
Copies: All Parties of Record