```
            UNITED STATES DISTRICT COURT
             MIDDLE DISTRICT OF FLORIDA
                 FORT MYERS DIVISION
```

EDWARD J. DEMM,

              Plaintiff,

vs.                     Case No.  2:04-cv-634-FtM-99SPC

CHARLOTTE COUNTY JAIL ADMINISTRATION
& STAFF; OFFICER MARCHESE; PAULA
MASON; LT. MCLURE; CPL. SPICER; CPL.
PRESCOTT, HEALTH ADMINISTRATION
SERVICES, PRISON HEALTH SERVICES,
CAPTAIN ANTHONY PENLAND and DR.
BESS,

              Defendants.
_____

## OPINION AND ORDER

This matter comes before the Court upon review of the Motion to Dismiss (Doc. # 57) filed on behalf of Defendants Spicer, Prescott, and the Charlotte County Jail Administration and Staff on July 25, 2006; and Prison Health Services' (hereinafter "PHS") Motion to Dismiss (Doc. # 62), filed September 6, 2006. Plaintiff was twice directed to file a response, but has not done so. (Docs. # 28, # 63.) This matter is ripe for review.

**I.**

Plaintiff, who is proceeding *pro se*, filed a Civil Rights Complaint form (Doc. # 1) and thereafter an Amended Complaint (Doc. # 8) pursuant to 42 U.S.C. § 1983 while incarcerated at the Charlotte County Jail.[1]  In summary, Plaintiff alleges that his

---

[1]According to the address on the docket history, Plaintiff is
(continued...)

Eighth Amendment rights were violated when the Defendants delayed providing Plaintiff with an MRI after the MRI was recommended by the jail's doctor.

In the Motion to Dismiss filed on behalf of Defendants Spicer, Prescott, and the Charlotte County Jail Administration and Staff (Doc. # 57), the Defendants argue that the Amended Complaint should be dismissed pursuant to Fed. R. Civ. P. 12 (b)(6). First, Defendants argue that the Charlotte County Jail is not *sui juris*. With regard to Defendants Spicer and Prescott, Defendants argue that the allegations in the Amended Complaint are conclusory, fail to specifically allege conduct by Defendants Spicer and Prescott that gives rise to a constitutional violation and do not state a causal connection.

In the Motion to Dismiss filed on behalf of PHS (Doc. # 62), PHS argues that Prison Health Services argues that Plaintiff's Amended Complaint should be dismissed because Plaintiff did not fully exhaust his available administrative remedies pursuant to the Prison Litigation Reform Act and alternatively that the Amended Complaint does not state an Eighth Amendment claim.

---

¹(...continued)
no longer incarcerated. At the time Plaintiff filed the Amended Complaint, Plaintiff was a pretrial detainee at the Charlotte County Jail. Thus, Plaintiff is protected by the Fourteenth Amendment Due Process Clause at least to the extent that the Eight Amendment protects convicted prisoners. <u>Ancata v. Prison Health Services, Inc.</u>, 769 F.2d 700, 703 n.5 (11th Cir. 1985).

**II.**

The Amended Complaint sets forth the following facts, which at this stage of proceedings are assumed to be true. Plaintiff sustained a back injury from a "trip and fall" on stairs. Doc. #8 at 2.[2] Due to the injury, Officer Mills moved Plaintiff to a downstairs cell and Plaintiff was assigned a low bunk on August 26, 2004. Approximately one week later, on September 2, 2004, Defendant Marchese moved Plaintiff to the top bunk, in spite of Plaintiff's "physical condition, medical passes, or medical mattress." On September 17, 2006, Plaintiff claims he fell while getting out of the upper bunk. Id. Plaintiff states that Officer Poole told Plaintiff to see the jail's nurse. Id. When Plaintiff visited the jail's nurse, Plaintiff alleges that the nurse[3] told Plaintiff that he "would not get any more than [he] was getting for pain from the doctor." Id. at 3.

Plaintiff admits that he saw Dr. Bess on October 5, October 11, October 21, and November 16, 2004, and that the doctor "[did] everything he possibl[y] can for me personally." Specifically, Plaintiff states that Dr. Bess submitted all necessary paperwork and followed appropriate procedure in order for Plaintiff to have

---

[2]For citation purposes, the page numbers referenced are those that appear scanned at the top of the page on the Court's electronic filing system.

[3]The Amended Complaint does not specify the name of the nurse who told Plaintiff that the doctor would not prescribe additional pain medication.

an MRI. Id. at 3. Nonetheless, Plaintiff claims that he did not receive the MRI and as such has suffered mentally and physically due to the failures by the "Medical Supervision and the Health Service Administration." Id.

Plaintiff refers the Court to the attached grievances in which he states that responses to his grievances from Defendant Mason, a nurse from PHS, were "unfeeling, uncaring, inconsiderate." Id. Additionally, Plaintiff alleges that Defendants McLure, Spicer, and Prescott wrote "negligent responses" to Plaintiff's grievances, disregarding Plaintiff's "serious medical needs." Id.

As relief, Plaintiff seeks monetary compensation and requests "medical attention necessary to determine the extent of injury, to correct and prevent any further injury or detriment to my health caused by the fall from a[n] upper bunk." Id. at 4.

### III.

Title 42 U.S.C. § 1983 imposes liability on anyone who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." To state a claim under 42 U.S.C. § 1983, Plaintiff must allege: (1) Defendants deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998); U.S. Steel, LLC v. Tieco, Inc., 261 F.3d 1275, 1288 (11th Cir. 2001). In addition, Plaintiff must allege and establish an affirmative causal connection between the

-4-

defendant's conduct and the constitutional deprivation. Marsh, 268 F.3d at 1059; Swint v. City of Wadley, Ala., 51 F.3d 988 (11th Cir. 1995); Tittle v. Jefferson County Comm'n, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994). A defendant who occupies a supervisory position may not be held liable under a theory of *respondeat superior* in a § 1983 action. Monell v. Dep't of Soc. Serv., 436 U.S. 658, 690-692 (1978); Quinn v. Monroe County, 330 F.3d 1320, 1325 (11th Cir. 2003); Farrow v. West, 320 F.3d 1235 (11th Cir. 2003).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff. Christopher v. Harbury, 536 U.S. 403, 406 (2002); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle them to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (footnote omitted); Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir. 2001)(*en banc*). To satisfy the pleading requirements of Fed. R. Civ. P. 8, a complaint must simply give the defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). While the federal pleading burden is not great, it nonetheless requires fair notice of the claim and the grounds upon which the claim rests. Dura Pharms., Inc. v. Broudo, 125 S. Ct. 1627, 1634 (2005). Dismissal is

warranted however if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, Ga., 960 F.2d 1002, 1009-10 (11th Cir. 1992). The Court need not accept unsupported conclusions of law or of mixed law and fact in a complaint. Marsh, 268 F.3d at 1036 n.16.

**IV.**

Here, the Amended Complaint alleges an Eighth Amendment violation for deliberate indifference to Plaintiff's "serious medical needs."

"Deliberate indifference to [the] serious medical needs of [a] prisoner [ ] constitutes the unnecessary and wanton infliction of pain . . . proscribed by the Eighth Amendment." Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003)(quoting Estelle v. Gamble, 429 U.S. 97 (1976); Campbell v. Sikes, 169 F.3d 1353 (11th Cir. 1999). Medical treatment violates the Eighth Amendment only when it is so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness. Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991).

To establish his Eighth Amendment claim, plaintiff must prove both an objective and a subjective component. Farrow, 320 F.3d at 1243. To establish an objectively serious deprivation of medical care, a prisoner must establish: (1) an objectively serious medical need, and (2) that the response made to the need was poor enough to

constitute an unnecessary and wanton infliction of pain, and not merely accidental inadequacy, negligence in diagnosis or treatment, or medical malpractice. Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000).

A "serious medical need" is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention, and, in either case, must be one that if left unattended poses a substantial risk of serious harm. Kelley v. Hicks, 400 F.3d 1282, 1284 n.3 (11th Cir. 2005); Brown, 387 F.3d at 1351; Farrow, 320 F.3d at 1243.

To show the required subjective intent, plaintiff must prove defendant acted with "deliberate indifference" by showing: (1) subjective knowledge of a risk of serious harm (i.e., both awareness of facts from which the inference could be drawn that a substantial risk of serious harm exists and the actual drawing of the inference); (2) disregard of that risk; and (3) by conduct that is more than gross negligence. Bozeman v. Orum, 422 F.3d 1265, 1272 (11th Cir. 2005). Inadvertent, negligent, or even gross negligent failure to provide adequate medical care does not rise to a constitutional violation. Farrow, 320 F.3d at 1243.

Delay of treatment for serious conditions can rise to the level of deliberate indifference where it is apparent that delay would detrimentally exacerbate the medical problem, the delay does seriously exacerbate the medical problem, and the delay is

medically unjustified. Taylor, 221 F.3d at 1259-60 (citing Hill v. Dekalb Reg'l Youth Ct., 40 F.3d 1176, 1187 (11th Cir. 1994)); Lancaster, 116 F.3d at 1425. Whether the delay was tolerable depends on the nature of the medical need and the reason for the delay. Farrow, 320 F.3d at 1247. A constitutional claim can exist for delayed treatment of a condition that does not require immediate attention. Farrow, 320 F.3d at 1247.

The constitutional right to medical care may include diagnostic tests known to be necessary, not just medicinal and surgical care. Harris v. Coweta County, 21 F.3d 388 (11th Cir. 1994). Plaintiff can show an Eighth Amendment violation, even if a cure is not possible, if certain treatments eliminate pain and suffering at least temporarily. Washington v. Dugger, 860 F.3d 1018, 1021 (11th Cir. 1988). However, where a prisoner receives adequate medical care but desires to receive a different mode of treatment, the care provided does not amount to deliberate indifference. Hamm v. DeKalb, 774 F.2d 1567, 1575 (11th Cir. 1985). Whether a defendant should have used additional or different diagnostic techniques or forms of treatment "is a classic example of a matter for medical judgment and therefore not an appropriate basis for liability under the Eighth Amendment." Adams v. Poag, 61 F.3d 1537, 1545 (11th Cir. 1995).

**V.**

**A. Defendant Health Administration Services**

At the outset, the Court notes that service of process has not been effectuated on Defendant Health Administration Services. According to the U.S. Marshal's form, it appears that Defendant Health Administration Services does not provide health services at the Charlotte County Jail. See Doc. # 47. To the extent Plaintiff wishes to bring suit against the entity providing health services to the Charlotte County Jail, Plaintiff properly named Prison Health Services as a defendant. As such, the Amended Complaint is dismissed with regard to Defendant Health Administration Services.

**B. Motion to Dismiss filed on behalf of Defendants Charlotte County Jail Administration and Staff, Spicer, and Prescott**

Plaintiff names the "Charlotte County Jail Administration and Staff." Defendants argue that the jail "is not a legal entity and is not otherwise *sui juris*." Doc. # 57 at 7. The Court agrees. The jail is not a "person" acting under the color of state law. Further to the extent Plaintiff names the jail's "administration and staff," Plaintiff's vague reference to the "administration and staff" does not comply with the pleading requirements set forth in Fed. R. Civ. P. 8. Consequently, the Motion to Dismiss is granted as to the Charlotte County Jail Administration and Staff.

With regard to Defendants Spicer and Prescott, Defendants argue that the Amended Complaint does not satisfy the requirements of a § 1983 action because the allegations contained in the Amended Complaint do not set forth an "affirmative causal connection" between the actions taken by Defendants Spicer and Prescott and the

alleged constitutional violation, which in this case is an Eighth Amendment violation for delay in providing Plaintiff with an MRI.

The Court agrees with the Defendants. The only facts in the Amended Complaint pertaining to Defendants Spicer and Prescott allege that the defendants provided "negligent" and "circuitousness" responses to Plaintiff's grievances. To the extent Plaintiff predicates liability on Defendants Spicer and Prescott for their responses to his grievances, Plaintiff fails to state a § 1983 claim. See Haverty v. Crosby, 2006 WL 839157 (N.D. Fla. 2006)(reasoning that a supervisor is not liable for conduct brought to his or her attention by a grievance form, unless the knowledge imputed to the supervisor and the refusal to prevent the harm rises to the level of a custom, policy, or practice) (citing Wayne v. Jarvis, 197 F.3d 1098 (11th Cir. 1999), cert. denied, 529 U.S. 1115 (2000); Tittle v. Jefferson County Com'n, 10 F.3d 1535 (11th Cir. 1994); Weaver v. Toombs, 756 F. Supp. 335, 337 (W.D. Mich. 1989) aff'd 915 F.2d 1574 (6th Cir. 1990); see also Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984).

Although it is difficult to decipher the signatures of those individuals responding to Plaintiff's grievance forms, it does not appear that Defendant Prescott responded to any of Plaintiff's grievances and Defendant Spicer responded to only one of the grievances. Defendant Spicer's response stated that the jail was awaiting "corporate headquarters" permission for the MRI. See Grievance at Doc. # 8, p. 9. As previously stated, however,

merely responding to a grievance does not state a § 1983 claim. Because the Amended Complaint does not state a causal connection between Defendants Spicer and Prescott and the alleged constitutional violation, the Motion to Dismiss is granted as to Defendants Spicer and Prescott.

**C. Motion to Dismiss filed on behalf of PHS**

In PHS' Motion to Dismiss (Doc. #62), PHS argues that Plaintiff's Amended Complaint should be dismissed pursuant to Fed. R. Civ. P. 12 (b)(6) because Plaintiff did not fully exhaust his available administrative remedies pursuant to the Prison Litigation Reform Act. Alternatively, Defendant PHS argues that the Amended Complaint does not state an Eighth Amendment claim for medical indifference because the Amended Complaint does not establish that PHS acted with deliberate indifference to a serious medical need or that PHS as a private corporation had a custom or policy that caused Plaintiff's alleged constitutional deprivation.

The Court notes that the Defendant PHS did not include the Charlotte County Jail's administrative procedures for handling medical grievances as part of the record in this case. Therefore, the Defendant has not established that Plaintiff failed to comply with the administrative remedies available to him. Nevertheless, upon review of Plaintiff's three medical grievances, the Court finds that the grievances contained sufficient facts to apprise the jail of Plaintiff's medical concerns. As such, the Court will address Plaintiff's Eighth Amendment claim with regard to PHS.

Here, Plaintiff admits that he saw Dr. Bess, a PHS physician, on several occasions and that the doctor "did everything he could do" for Plaintiff. It is undisputed that the PHS doctor completed the requisite documents on October 5, 2004 for Plaintiff to receive an MRI. See Doc. # 8 at 5-11. Thus, assuming *arguendo*, that Plaintiff's back injury constitutes a "serious medical need," the Amended Complaint does not establish that PHS acted with deliberate indifference.

To the extent Plaintiff asserts liability against PHS because he did not receive the recommended MRI for months after the doctor recommended the procedure, the Amended Complaint does not specify which individual, if any, from PHS delayed providing Plaintiff with the recommended MRI. Even if an employee of PHS was responsible for the delay in providing the MRI, PHS may not be held liable under a theory of *respondeat superior* in a § 1983 action. Monell v. Dep't of Soc. Serv., 436 U.S. 658, 690-692 (1978); Quinn v. Monroe County, 330 F.3d 1320, 1325 (11th Cir. 2003); Farrow v. West, 320 F.3d 1235 (11th Cir. 2003).

Moreover, as a private corporation, PHS is liable under § 1983 only when an official policy or custom of the corporation causes the alleged constitutional deprivation. Monell, 436 U.S. at 691. Here, the Amended Complaint does not allege that Plaintiff's constitutional deprivation was a result of PHS' custom or official policy. Thus, PHS' Motion to Dismiss is due to be granted. To the

extent the Amended Complaint raises claims not addressed herein, the claims are deemed to be without merit.

ACCORDINGLY, it is hereby

**ORDERED**:

1. The Amended Complaint is **dismissed** with regard to Defendant Health Administration Services for the reasons stated herein.

2. The Motion to Dismiss (Doc. # 57) filed on behalf of Defendants Spicer, Prescott, and the Charlotte County Jail Administration and Staff is **GRANTED**.

3. The Motion to Dismiss (Doc. # 62) filed on behalf of Prison Health Services is **GRANTED**.

4. The **Clerk of Court** shall: (1) terminate any pending motions; (2) enter judgment accordingly; (3) close this file.

**DONE AND ORDERED** in Fort Myers, Florida, on this   5th   day of January, 2007.

JOHN E. STEELE
United States District Judge

SA: alj

Copies: All Parties of Record